IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID JACKSON, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-0697 |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | * | |
| | * | |
| DEFENDANT. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 19, 2021, Plaintiff David Jackson ("Jackson" or "Plaintiff") filed suit against Defendant International Business Machines Corporation ("IBM") alleging violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*; and the District of Columbia Wage Payment and Collection Act ("DCWPCA"), D.C. Code §§ 32-1301 *et seq.* (Compl., ECF No. 1.) Jackson also asserted claims of fraud, negligent misrepresentation, and unjust enrichment. (*Id.*) On June 3, 2021, before IBM had answered the Complaint, Jackson filed an Amended Complaint. (Am. Compl., ECF No. 11.) Jackson's Amended Complaint abandoned the claims under Maryland and District of Columbia labor law and maintained the common law claims of fraud, negligent misrepresentation, and unjust enrichment. (*Id.*) IBM answered Jackson's Amended Complaint. (Answer, ECF No. 12.) Presently pending before this Court is Jackson's Motion for Leave to File Second Amended Complaint. (ECF No. 19.) The parties submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the

reasons that follow, Jackson's Motion for Leave to File Second Amended Complaint (ECF No. 19) is GRANTED.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, which may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

## ANALYSIS

Plaintiff seeks leave to amend his complaint to add back his previously abandoned claim under the District of Columbia Wage Payment and Collection Act.[1] IBM opposes Plaintiff's motion on the ground that amendment would be futile. An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917

---

[1] The DCWPCA defines "wages" to include the following types of payments: "(A) Bonus; (B) Commission; (c) Fringe benefits paid in cash; (D) Overtime Premium; and (E) Other remuneration promised or owed." D.C. Code §§ 32-1301. Wages are covered under the DCWPCA only when they are owed, and discretionary payments are not owed. *Brady v. Liquidity Servs.*, No. 18-cv-1040 (RCL), 2018 U.S. Dist. LEXIS 203403, at *10 (D.D.C. Nov. 29, 2018).

(4th Cir. 1995); *Baehr v. Creig Northrop Team, P.C.*, No. WDQ-13-0933, 2014 U.S. Dist. LEXIS 11030, at *12 (D. Md. Jan. 28, 2014). Plaintiff contends that he initially abandoned his DCWPCA claim in response to a decision of the United States District Court for the District of Columbia which concluded that the plain language of an incentive plan stating that management reserved the right to amend or modify that plan precluded any argument that payments under the plan were not discretionary. *See Ronaldson v. Nat'l Ass'n of Home Builders*, 502 F. Supp. 3d 290, 299 (D.D.C. 2020). Several months later, however, the *Ronaldson* Court granted a motion to reconsider the dismissal of the DCWPCA claim after the plaintiff filed for leave to amend her complaint, holding that that "[n]otwithstanding the discretionary disclaimer in Plaintiff's 2016 Incentive Plan . . . Plaintiff has now plausibly alleged that neither she nor [Defendant] anticipated or intended that [Defendant] would modify or terminate [her] [incentive plan] once it was put in place." *Ronaldson v. Nat'l Ass'n of Home Builders*, Civil Action No. 19-1034 (CKK), slip. op. at 8 (D.D.C. June 3, 2021).

In support of his reasserted DCWPCA claim, Jackson's proposed Second Amended Complaint alleges that "IBM and Mr. Jackson did not anticipate or intend that IBM would modify or terminate how Mr. Jackson would be paid for his efforts, given IBM's history of promising uncapped commissions." (Redlined Second Am. Compl., ECF No. 19-2 ¶ 35.) This allegation is substantially similar to the allegation the *Ronaldson* Court concluded was sufficient to allow a DCWPCA claim to survive a motion to dismiss. In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412,

422 (4th Cir. 2015)). Accepting Plaintiff's new allegation as true, this Court concludes that Plaintiff's reasserted DCWPCA claim is sufficient to withstand a motion to dismiss. Accordingly, the proposed amendment is not futile.[2] Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19) is therefore GRANTED.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 21st day of March, 2022 that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 19) is GRANTED. The Clerk of this Court is directed to docket Plaintiff's Second Amended Complaint.

_____/s/_____

Richard D. Bennett
United States District Judge

---

[2] In addition, IBM does not assert that Jackson has acted in bad faith in seeking leave to amend nor does it claim any prejudice resulting from the proposed amendment. Indeed, the Scheduling Order in this case reflects that discovery is not closed until May 4, 2022, and dispositive motions are not due until June 3, 2022. (ECF No. 16.)